

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00032-CR

REGINALD DWAYNE MELTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law
Navarro County, Texas
Trial Court No. C34415, Honorable Amanda Doan Putman, Presiding

May 13, 2013

## ABATEMENT AND REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Reginald Dwayne Melton, was convicted by a jury of possession of a controlled substance in a drug-free zone and sentenced to fifteen years confinement and a $10,000 fine. Notice of appeal was filed on December 5, 2012. Both the clerk's record and reporter's record have been filed and Appellant's brief was due to be filed on February 6, 2013. Three extensions of time to file Appellant's brief were granted, making the most recent due date April 8, 2013. On April 16, 2013, a fourth motion for extension of time was filed requesting an additional thirty

days. By order dated April 24, 2013, that motion was denied and counsel was ordered by this Court to file Appellant's brief by May 6, 2013. That brief was not filed.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court is directed to determine why counsel has failed to timely file Appellant's brief and take such action as is necessary to ensure that the brief is filed with the Clerk of this Court on or before Tuesday, May 28, 2013. Upon filing of Appellant's brief, counsel is ordered to notify the trial court, in writing, of the filing.

Should counsel timely file the brief, the trial court need <u>not</u> take any further action. Should counsel not timely file Appellant's brief, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to utilize whatever means necessary (which may include an evidentiary hearing) to determine the following:

1. whether Appellant desires to prosecute the appeal;
2. whether Appellant's counsel has effectively abandoned the appeal given his failure to timely file the brief;
3. whether Appellant has been denied effective assistance of counsel;
4. whether counsel for Appellant should be removed; and
5. whether Appellant is indigent and entitled to new appointed counsel.

Should it be determined that Appellant is entitled to new appointed counsel or has retained new counsel, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court. Finally, the trial court shall execute findings of fact and conclusions of law

regarding the aforementioned issues and cause that document to be included in a supplemental clerk's record to be filed with this Court by June 24, 2013. Should further time be necessary for the trial court to perform these tasks, a request for extension should be filed by that date.

It is so ordered.

Per Curiam

Do not publish.